### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
#### Alexandria Division

|  |  |  |
|---|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 32BJ, | ) ) ) | |
|  | ) | |
| Plaintiff, | ) ) | |
|  | ) | |
| v. | ) | Civil Action No. 1:17-cv-1002 (LMB/TCB) |
|  | ) | |
| BROWN & PIPKINS LLC d/b/a/ Ascential, | ) ) | |
|  | ) | |
| Defendant. | ) | |
|  | ) | |

### REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on Plaintiff's Motion for Default Judgment (Dkt. 16). After a representative for Defendant failed to respond to Plaintiff's motion or to appear at the hearing on July 26, 2019, the matter was taken under advisement.[1] For the reasons stated below, the undersigned U.S. Magistrate Judge recommends that Plaintiff's Motion for Default Judgment be GRANTED.

## I.   INTRODUCTION

### A.  Background

On September 5, 2017, Service Employees International Union Local 32BJ ("Plaintiff") commenced this lawsuit against Brown & Pipkins, LLC ("Defendant"). Plaintiff's Complaint seeks enforcement of a labor arbitration award. Plaintiff now seeks an entry of default judgment against Defendant for the amount due and interest, as awarded by the arbitration.

---

1. Relevant filings before the Court include Complaint for Enforcement of Arbitration Award (Dkt. 1) ("Compl."); Plaintiff's Renewed Motion for Judgment by Default Under Federal Rule of Civil Procedure 55(b) (Dkt. 16) ("Mot. Default J."); Plaintiff's Memorandum of Law in Support of Renewed Motion for Judgment by Default (Dkt. 17) ("Mem. Supp."); Declaration of Mike Duffy (Dkt. 17-1) ("Duffy Decl."); Declaration of Arlus J. Stephens (Dkt. 17-2) ("Stephens Decl."); and all attachments and exhibits submitted with those filings.

**B. Jurisdiction and Venue**

Before the Court can render default judgment, it must have both subject-matter jurisdiction and personal jurisdiction over a defaulting party, and venue must be proper.

The Court has subject-matter jurisdiction over this action. A federal district court has original jurisdiction when an action involves a civil action "arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. In this case, Plaintiff seeks relief under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, a federal statute. Accordingly, the Court has subject-matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331.

For personal jurisdiction over a defendant, the standards of both federal due process and the forum state's long-arm statute must be satisfied. *See Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 301 (4th Cir. 2012). Federal due process permits personal jurisdiction where a defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Virginia's long-arm statute, Virginia Code § 8.01-328.1, "extends the jurisdiction of its courts as far as federal due process permits." *ePlus Tech., Inc. v. Aboud*, 313 F.3d 166, 176 (4th Cir. 2002). With federal due process and Virginia's long-arm statute requiring the same standards, essentially only one personal jurisdiction inquiry is required. *See id.* The inquiry to find personal jurisdiction requires either specific jurisdiction "based on conduct connected to the suit" or general jurisdiction based on "continuous and systematic" activities in the forum state. *Tire Eng'g & Distrib.*, 682 F.3d at 301 (quoting A*LS Scan, Inc. v. Dig. Serv. Consultants, Inc.,* 293 F.3d 707, 711 (4th Cir. 2002)).

Defendant is subject to specific jurisdiction in this Court. As alleged in the Complaint,

2

Defendant held the cleaning and maintenance account at Fort Belvoir, Virginia and served as the employer for the employees represented by Plaintiff. (Compl. ¶¶ 7-8; Duffy Decl. ¶ 3.) In May 2013 and August 2014, Plaintiff and Defendant executed collective bargaining agreements, which governed the terms and conditions of employment for the custodial employees at Fort Belvoir. (Compl. ¶ 9; Duffy Decl. ¶ 4, Exs. A-B.) The present suit stems from a dispute involving the employment of the Fort Belvoir employees and those collective bargaining agreements. Therefore, personal jurisdiction over Defendant is appropriate in this instance.

Venue in this court is proper pursuant to 29 U.S.C. § 185(a) because the Court has jurisdiction over both parties as well as under 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this claim occurred in this district.

### C. Service of Process

Before the Court can render default judgment, it must be satisfied that a defaulting party has been properly served. In serving process to a corporation, a party may follow state law for service in the state where service is made. *See* Fed. R. Civ. P. 4(e)(1), (h)(1)(A). By completing service in Georgia, Plaintiff could effect service by following Georgia law. Pursuant to Georgia Code § 9-11-4(e)(1)(A), if a party, "for any reason," cannot personally serve a corporation's registered agent, "the Secretary of State shall be an agent of such corporation upon whom any process, notice, or demand may be served." In order to comply with the statute, a party must "certify in writing" that (1) he forwarded the summons and complaint to "the last registered office or registered agent listed on the records of the Secretary of State," (2) "that service cannot be effected at such office," and (3) that it appears the corporation failed to maintain or appoint a registered agent in Georgia. *Id.* Upon the Secretary of State receiving such certification and service, it "shall be answerable not more than 30 days from the date" the secretary receives such

3

certification. *Id.*

In this case, Plaintiff complied with the statute. Plaintiff filed with the Secretary of State an affidavit certifying that three (3) separate attempts were made to personally serve Defendant's registered agent and that all those attempts failed. (Stephens Decl. ¶ 5.) Moreover, the affidavit further certified that the required materials had been forwarded by certified mail to the registered agent at the listed address.[2] (*Id.*) On October 30, 2017, Plaintiff served the Complaint and other initial papers on Georgia's Secretary of State, constituting service. (*Id.* ¶ 6.) Therefore, Plaintiff properly served Defendant in accordance with the Georgia statute.

### D. Grounds for Default Judgment

The entry of default judgment may be appropriate when a party has failed to appear in a case. *See* Fed. R. Civ. P. 55. To date, Defendant has not appeared or otherwise participated in these proceedings. On December 4, 2017, Plaintiff filed a Request for Entry of Default, seeking an entry of default for Defendant. (Dkt. 6.) On December 5, 2017, the Clerk of the Court issued the Entry of Default for Defendant. (Dkt. 7.) On December 21, 2017, Plaintiff filed a Motion for Default Judgment. (Dkt. 8.) However, before the undersigned U.S. Magistrate Judge could conduct a hearing on the motion for default judgment, Plaintiff filed a notice alerting the Court that Defendant had recently filed for bankruptcy. (Dkt. 11.) That same day, December 28, 2017, the Court stayed this action pending further order of the Court. (Dkt. 12.) Approximately eighteen (18) months later, Plaintiff informed the Court that the Bankruptcy Court had dismissed Defendant's bankruptcy petition. (Dkt. 13.) On June 18, 2019, the Court vacated the stay and directed Defendant to show cause before July 5, 2019, why default judgment should not be entered against it. (Dkt. 14.) Defendant failed to respond by the court-imposed deadline. On July 9, 2019, the

---

2. Georgia Code § 9-10-12(a) provides that certified mail satisfies the statutory requirement that the materials be forwarded by registered mail.

Court ordered Plaintiff to promptly re-notice its motion for default judgment before the undersigned and to mail copies of the relevant filings to Defendant's last known address. (Dkt. 15.) On July 26, 2019, the undersigned held a hearing on Plaintiff's Motion for Default Judgment, at which no representative for Defendant appeared. Finding the matter uncontested, the undersigned took the matter under advisement to issue this Report and Recommendation.

## II.   FINDINGS OF FACT

Upon a full review of the pleadings and the record in this case, the undersigned finds that Plaintiff has established the following facts.

Plaintiff is a labor organization as defined by the National Labor Relations Act, 29 U.S.C. § 152(5). (Compl. ¶ 4.) Plaintiff represents over 150,000 property service workers, including over 16,000 in the greater Washington, D.C. metropolitan area. (*Id.*) Plaintiff is the exclusive collective bargaining representative for the cleaning and maintenance employees at Fort Belvoir, Virginia. (*Id.* ¶ 7.)

Defendant is an employer engaged in interstate commerce as defined by the National Labor Relations Act, 29 U.S.C. § 152(2). (*Id.* ¶ 5.) Defendant held the cleaning and maintenance account at Fort Belvoir from September 2012 to August 2015. (*Id.* ¶ 8; Duffy Decl. ¶ 3.)

During this period, Plaintiff negotiated several collective bargaining agreements ("CBA") with Defendant, which governed the terms and conditions of employment for the custodial employees at Fort Belvoir. (Compl. ¶ 9; Duffy Decl. ¶ 4.)  The parties executed the first CBA on May 17, 2013, which governed the period from September 4, 2012 to August 1, 2014 ("2012 CBA"). (Compl. ¶ 9; Duffy Decl., Ex. A.) On August 22, 2014, the parties executed a successor CBA for the period from August 2, 2014 to August 1, 2017. (Compl. ¶ 9; Duffy Decl., Ex. B.) Both CBAs had identical arbitration clauses, set forth in Article 11 of each CBA. (Compl. ¶ 10;

Duffy Decl., Exs. A-B.) Section 2, Step 3 of Article 11 provided that in the event a grievance proceeded to arbitration, the grievance would "be heard by an Arbitrator to be designated by the Federal Mediation and Conciliation Service under the procedures of this Service" and that the arbitrator's decision would "be final and binding on all parties concerned." (Compl. ¶ 11.)

Pursuant to the 2012 CBA, Plaintiff filed four (4) separate grievances against Defendant in the spring and summer of 2013. (Compl. ¶ 12; Duffy Decl. ¶ 5.) Plaintiff brought the first grievance because Defendant improperly reduced the work day by one hour, from 8 to 7 hours, for all janitorial employees. (*Id.*) The second grievance involved Defendant's failure to pay appropriate vacation pay. (*Id.*) The third pertained to Defendant's refusal to pay the contractual rate to two (2) employees working in the position of Custodian/Driver. (*Id.*) The final grievance involved Defendant's failure to pay owed wages to two (2) employees. (*Id.*)

After Plaintiff sued Defendant to compel arbitration of those grievances, the parties eventually selected Arbitrator Garvin Oliver to resolve all four (4) cases. (Compl. ¶ 13; Duffy Decl. ¶¶ 6-7.) In early 2015, Arbitrator Oliver issued four (4) awards, finding for Plaintiff on each grievance. (Compl. ¶ 14; Duffy Decl. ¶¶ 8-11, Exs. C-F.) Defendant did not immediately comply with those awards and instead filed a motion in this Court to vacate the awards. (Compl. ¶ 15; Duffy Decl. ¶ 12.) The Court denied Defendant's motion to vacate and confirmed the arbitration awards. (Compl. ¶ 17; Duffy Decl. ¶ 12, Ex. G.)

In August 2015, approximately one month after the Court confirmed the arbitration awards, Plaintiff asked Arbitrator Oliver to issue supplemental orders specifying the exact amounts owed by Defendant for each of the awards. (Compl. ¶ 18; Duffy Decl. ¶ 14.) However, Arbitrator Oliver granted Defendant's request to stay all proceedings on damages calculations until the Fourth Circuit resolved Defendant's appeal. (Compl. ¶¶ 19-20; Duffy Decl. ¶ 14.)

On January 23, 2017, the Fourth Circuit issued an opinion affirming the district court's decision. (Compl. ¶ 21; Duffy Decl. 13, Ex. H.) Once the Fourth Circuit issued its mandate on March 1, 2017, the parties once again attempted to determine the exact amounts owed by Defendant for the arbitration awards. (Compl. ¶¶ 23-24; Duffy Decl. ¶ 15.) However, unable to agree, the parties returned to Arbitrator Oliver to determine the exact amount Defendant owed. (Compl. ¶¶ 24-26; Duffy Decl. ¶ 15.)

On June 16, 2017, Arbitrator Oliver held a conference call with the parties. (Compl. ¶ 27.) During that call, Arbitrator Oliver set a deadline of June 30, 2017, for the parties to submit briefing on damages calculations. (*Id.*) Plaintiff complied with that deadline while Defendant did not. (Compl. ¶ 28; Duffy Decl. ¶ 16.) Despite several attempts by Arbitrator Oliver to accommodate Defendant, including several extensions, Defendant never made any submissions related to damages. (Compl. ¶¶ 29-32; Duffy Decl. ¶ 16.)

On August 3, 2017, Arbitrator Oliver issued a "Supplemental Decision and Award" ("Award") detailing the exact amounts owed by Defendant for each of the four (4) arbitration awards. (Compl. ¶ 33, Ex. A; Duffy Decl. ¶ 17, Ex. I.) Arbitrator Oliver ordered Defendant to issue checks to seventy-two (72) employees for a total of $743,641.51 and to the Building Service 32BJ Health Fund for $159,143.00. (Compl. ¶¶ 34-35, Ex. A.) The Award also specified that payment should be made no later than fourteen (14) days after the date of the Award and that interest should accrue at a rate of 4% for any amount unpaid by that date. (*Id.* ¶¶ 36-37, Ex. A.)

The next day, on August 4, 2017, Arbitrator Oliver issued a correction to part of the award, providing the correct spelling of an employee's name. (Compl. ¶ 41, Ex. B; Duffy Decl. ¶ 18, Ex. J.)  Defendant has not made any payments towards any of the awards. (Compl. ¶¶ 42-43; Duffy Decl. ¶ 19.)

### III.   EVALUATION OF PLAINTIFF'S COMPLAINT

When a defendant has defaulted, the well-pleaded allegations of facts set forth in the plaintiff's complaint are deemed admitted. *JTH Tax, Inc. v. Grabert*, 8 F. Supp. 3d 731, 736 (E.D. Va. 2014) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)). Although a defaulting party "'admits the plaintiff's well-pleaded allegations of fact' as to liability, the party in default is 'not held . . . to admit conclusions of law' or allegations regarding liability that are not 'well-pleaded.'" *Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 540 (D. Md. 2011) (quoting *Ryan*, 253 F.3d at 780)). Consequently, before entering default judgment the Court must evaluate the plaintiff's complaint against the standards of Federal Rule of Civil Procedure 12(b)(6) to ensure that the complaint properly states a claim. *GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003). As such, it is appropriate to evaluate Plaintiffs' complaint against the standards of Federal Rule of Civil Procedure 12(b)(6).[3]

Plaintiff requests that the Court confirm and enter judgment on Arbitrator Oliver's Award. (Mem. Supp. at 12.) As Plaintiff aptly notes in its brief, a court has limited discretion when reviewing an arbitration award. (*Id.* at 10-12.) While a court does have the authority to review an arbitrator's decision pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, "this review is severely limited; it is 'among the narrowest known to the law.'" *District 17, UMWA v. Island Creek Coal Co.*, 179 F.3d 133, 136-37 (4th Cir. 1999) (quoting *Union Pacific R. Co. v. Sheehan*, 439 U.S. 89, 91 (1978)). "A court reviewing a labor arbitration award is limited to 'determin[ing] only whether the arbitrator did his job—not whether he did it well, correctly, or reasonably, but simply whether he did it.'" *Washington Gas Light Co. v. Int'l Broth. Of Teamsters,*

---

3. However, unlike when evaluating a 12(b)(6) motion, the Court is not limited to the allegations in the complaint alone. *See, e.g.*, Fed. R. Civ. P. 55(b)(2)(C) ("The Court may conduct hearings . . . [to] establish the truth of any allegation by evidence."); *Brophy*, 771 F. Supp. 2d at 541 (considering "exhibits submitted in support of the Default Motion.").

*Local 96*, 594 F. App'x 774, 777 (4th Cir. 2014) (alteration in original) (quoting *Mountaineer Gas Co. v. Oil, Chem. & Atomic Workers Int'l Union*, 76 F.3d 606, 608 (4th Cir. 1996)). Therefore, "[a]bsent the most unusual of circumstances, courts must uphold and enforce arbitral awards." *Westvaco Corp. v. United Paperworkers Int'l Union*, 171 F.3d 971, 974 (4th Cir. 1999).

Here, the parties agreed to arbitration pursuant to both of the executed CBAs. Both this Court and the Fourth Circuit have previously affirmed the arbitrator's decision to issue the awards in favor of Plaintiff. Now, Plaintiff merely seeks confirmation and enforcement of the exact amounts Defendant owes for those awards. Accordingly, given the procedural history and the limited review courts even have when faced with an arbitration award, the undersigned finds that Plaintiff is entitled to confirmation and enforcement of the Award.

## IV.   REQUESTED RELIEF

Plaintiff seeks a court order confirming and enforcing two arbitration awards—the Supplemental Decision and Award and the Correction to a Part of the Supplemental Decision and Award—both issued by Arbitrator Garvin Oliver in favor of Plaintiff. Specifically, Plaintiff seeks payment of a total sum of $902,784.54 by Defendant. (Mot. Default J., Ex. 1.) That amount consists of an award of $743,641.51 to seventy-two (72) employees and an award of $159,143.00 to Building Service 32BJ Health Fund. (Compl., Prayer for Relief ¶ 1.) Plaintiff also seeks a court order that Defendant pay interest on the above amounts at the rate of 4% per annum beginning on August 17, 2017. (*Id.*; Mot. Default J., Ex. 1.) Because Plaintiff only seeks the award it received from arbitration, and in light of the Court's limited discretion in confirming such relief, it is appropriate for the Court to confirm the Award and grant such relief to Plaintiff.

## V.   RECOMMENDATION

For the aforementioned reasons, the undersigned U.S. Magistrate Judge recommends that

the Court confirm the arbitration award in favor of Plaintiff and that Plaintiff receive the relief requested in the proposed order submitted with Plaintiff's Motion for Default Judgment.

VI.   <u>NOTICE</u>

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send copies of this Report and Recommendation to Defendant at the following address of record:

> Brown & Pipkins LLC d/b/a Acsential
> 2950 Stone Hogan Connector Rd SW, Building 5
> Atlanta, GA 30331

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

August ___, 2019
Alexandria, Virginia